CADY *v.* SPRINGVILLE WATER-WORKS CO.

(*Supreme Court, General Term, Fifth Department.*    June 20, 1890.)

EASEMENTS—CREATION.

Plaintiff for many years was the owner of a lot, appurtenant to which was the right to take water from a spring on another lot across a highway.    Up to

1877 the spring was open, and plaintiff took water therefrom in pails.   In that year it was inclosed by a reservoir, and a pump log laid therefrom along the street past plaintiff's premises to convey water to other premises.   Thereafter plaintiff and the owner of the servient tenement executed their several conveyances to each other, both of which recited the existence of the easement appurtenant to plaintiff's tenement.   The conveyance to plaintiff, in consideration of the release by plaintiff, his heirs and assigns, of all right and title in the spring, granted to plaintiff, his heirs and assigns, the right to take by a half-inch pipe, from the main pipe leading from the spring along the street, all the water necessary for the family use of plaintiff, his heirs, etc., holding and occupying the said lot.   Plaintiff's conveyance recited that, in consideration of the rights and privileges conveyed to him, he released all right, title, and interest in the spring.   *Held*, that the right conveyed to plaintiff constituted an easement in the tenement of the grantor, and ran with the land.

Appeal from special term, Erie county.

Action by Ebenezer S. Cady against the Springville Water-Works Company.  From a judgment for plaintiff, defendant appeals.

Argued before DWIGHT, P. J., and MACOMBER, J.

*W. W. Ticknor*, for appellant.   *Thos. Penny*, for respondent.

DWIGHT, P. J.   For many years before the date of the conveyance hereafter mentioned, the plaintiff was the owner of a lot on the south side of Main street, in the village of Springville, appurtenant to which was an easement in another lot on the same side of Main street, and separated from the plaintiff's only by a highway known as "Elk Street."   The easement was the right to take water from a spring on the latter for the use of the former premises.   Before 1877 or 1878 the spring was open, and the plaintiff exercised his easement by taking water therefrom in pails.   About the date last mentioned the spring was inclosed by a reservoir, and a pump log was laid therefrom through Elk and Main streets, past the premises of the plaintiff, which conveyed water to several premises further down the street.   In 1880 one Myers became the owner of the lot on which the spring was situated, and two years thereafter he and the plaintiff executed and delivered, concurrently, to each other, their several conveyances, which were duly acknowledged, and that from Myers to the plaintiff was duly recorded in the same year.   Both conveyances recited the existence of the easement appurtenant to the plaintiff's tenement, and the acquisition of the servient tenement by Myers, and the conveyance by the latter proceeded: "Now, therefore, this indenture witnesseth that I, the said John P. Myers, in consideration of the release to me by the said Ebenezer S. Cady, his heirs and assigns, of all the right, title, and interest in and to said spring of water, have granted and conveyed, and by these presents do grant and convey, to the said Ebenezer S. Cady, his heirs and assigns, the right and privilege of taking and conveying, by a half-inch pipe, from the main pipe leading from the spring of water aforesaid along Main street,   *   *   *   all the water that may be necessary for the family use of the said Ebenezer S. Cady, or the heirs and assigns of the said Ebenezer S. Cady, holding and occupying the said lot,   *   *   *   to have and to hold the said right and privilege to the said Ebenezer S. Cady, his heirs and assigns, forever."   The conveyance from the plaintiff to Myers, after reciting the same facts as the other, and that the water from the spring was being conveyed in pipes through the streets of the village, proceeded: "Now, therefore, in consideration of certain rights and privileges this day granted and conveyed to me by the said John P. Myers, I, the said Ebenezer S. Cady, have released, and do hereby release, to the said John P. Myers, all the right, title, and interest I have had and do have to the spring of water aforesaid."   Thereupon, and in the same year, (1882,) the plaintiff proceeded to tap the main pipe in front of his lot, and inserted a half-inch iron pipe, through which he drew water from the spring until prevented by the acts of the defendant complained of.   In June, 1887, Myers and wife conveyed the spring to the defendant, with the right to maintain a reservoir about the same, and

to lay pipes therefrom to the street.   The defendant proceeded to take up the pump log, and lay mains of its own, and in so doing cut off the plaintiff's supply of water.   The plaintiff's action was for a mandatory injunction requiring the defendant to restore the plaintiff's connection with the spring, either by its own mains or otherwise and for damages.   The judgment appealed from sustains the plaintiff's action, and grants the relief mentioned. The only question argued is whether the right conveyed by the deed of Myers to the plaintiff constituted an easement in the tenement of the former, and so ran with the land, and bound the grantee of the spring.   We think that question is to be answered in the affirmative.   The necessary purport and effect of the two deeds, construed together, is to convey to the plaintiff, and his heirs and assigns, forever, the right to take water, for the benefit of their lot, from the spring on the lot of their grantor; and this constitutes an easement.   The fact that by the terms of the deed the water is to be drawn from the main pipe leading from the spring does not change the nature of the privilege, but only the mode of its enjoyment; it necessarily implies the right to have the water flow through the main pipe from the spring.   The half-inch pipe mentioned in the deed is the measure of the water which the plaintiff is entitled to draw, and the main pipe is the means by which it is to be drawn. The right to take the water in this manner is substituted by the deed for the right to enter upon the land of the grantor, and take water in pails or by other means available to the plaintiff under his easement as it previously existed.   The defendant took its deed of the spring with notice by the record of the plaintiff's right, and subject thereto.   It had no right to remove the pump log through which the plaintiff drew his water without replacing it by a main which would afford him the same facilities.   The proof shows that the defendant has laid a main of its own, and it is only necessary that it should connect the plaintiff's half-inch pipe with the new main in order to restore the plaintiff to the enjoyment of his rights.   The effect of the judgment of the special term is to require this to be done, and that judgment should be affirmed.   Judgment appealed from affirmed, with costs.